# Exhibit A

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

Case Number CV2020-008759

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language(s): _____

# CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney Troy B. Froderman

Attorney Bar Number 012717

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:
Global Thermoforming, Inc., c/o FR Law Group PLLC, 4745 N 7th St., Suite 310, Phoenix, AZ 85014 (602) 566-7425

tfroderman@frlawgoup.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Auto-Owners Insurance Company, a foreign corporation

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:
**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____    ☐ Tier 1    ☐ Tier 2    ☒ Tier 3

## NATURE OF ACTION
Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury*    ☐ 102 Property Damage*
                                    ☐ 103 Wrongful Death*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [x] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

| | |
|---|---|
| ☐ 185 Employment Dispute-Other* | ☒ 163 Other* Bad Faith |
| ☐ 196 Verified Rule 45.2 Petition | _____ |
| ☐ 195(a) Amendment of Marriage License | (Specify) |
| ☐ 195(b) Amendment of Birth Certificate | |

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC   ☐ Election Challenge

☐ Employer Sanction   ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☒ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Troy B. Froderman (012717)
Scott C. Ryan (026791)
John F. Barwell (028345)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
barwell@frlawgroup.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| GLOBAL THERMOFORMING, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. CV2020-008759<br><br>**SUMMONS**<br><br>If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association |

**WARNING: This is an official document from the Court. It affects your rights. Read this document carefully. If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:**

**Auto-Owners Insurance Company**
**c/o Arizona Department of Insurance**
**100 North 15th Avenue, Suite 261**
**Phoenix, AZ 85007-2630**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons."

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response," the other party may be given the relief requested in its Complaint. To file your "Answer" or Response," take, or send, the "Answer" or "Response" to the:

- **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205, OR**

- **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032, OR**

- **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201, OR**

- **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and other court papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your "Response" must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of the preceding page, or from the Clerk of the Superior Court's Customer Service Center at:

- **601 West Jackson, Phoenix, Arizona 85003**

- **18380 North 40th Street, Phoenix, Arizona 85032**
- **222 East Javelina Avenue, Mesa, Arizona 85210**
- **14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) days in advance of your scheduled court date.

**SIGNED AND SEALED** this date:

Clerk of the Superior Court

COPY

By: _____ JUL 2 8 2020 _____
Deputy Clerk

CLERK OF THE SUPERIOR COURT
C. ATKINS
DEPUTY CLERK

Troy B. Froderman (012717)
Scott C. Ryan (026791)
John F. Barwell (028345)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
barwell@frlawgroup.com
*Attorneys for Plaintiff*





JUL 2 8 2020

CLERK OF THE SUPERIOR COURT
C. ATKINS
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GLOBAL THERMOFORMING, INC., a foreign corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AUTO-OWNERS INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | Case No. CV2020-008759 <br><br> **COMPLAINT** <br><br> **(Breach of Contract; Insurance Bad Faith)** <br><br> **Commercial Court Requested** |

For its Complaint, Plaintiff Global Thermoforming, Inc. alleges and states as follows:

1. Plaintiff Global Thermoforming, Inc. ("Global") is a foreign corporation, domiciled in the State of Wisconsin, with its principal place of business in Tempe, Arizona.

2. Defendant Auto-Owners Insurance Company ("Auto-Owners") is a foreign insurance company with its principal place of business in Michigan.

3. At all times relevant herein, Defendant Auto-Owners was duly licensed to sell insurance in the State of Arizona and engaged in the business of selling insurance to businesses in Arizona, including Global.

4. Defendant Auto-Owners caused acts to occur in Arizona out of which this Complaint arises and is therefore subject to Arizona's insurance laws, statutes, and regulations.

5. Events complained of herein occurred in, or arose from, transactions and conduct occurring in whole or in part in Maricopa County, Arizona.

6. This Court has subject matter and personal jurisdiction over Defendant Auto-Owners.

7. Venue is proper pursuant to A.R.S. § 12-401.

## GENERAL ALLEGATIONS

8. Plaintiff re-alleges the allegations above as though fully restated herein.

9. On or about May 25, 2019, Plaintiff was the victim of a theft that occurred at its business premises in Racine, WI.

10. At the time of the theft, Plaintiff was insured under a insurance instrument issued by Defendant Auto-Owners and identified by Policy No. 03542768 (the "Policy").

11. The date of loss in question is within the Policy term.

12. Plaintiff provided Auto-Owners timely notice of the theft loss, and Auto-Owners assigned claim no. 300-173763-2019 (the "Claim").

13. The Policy provides Plaintiff with insurance coverage for "direct physical loss or damage" to business or personal property at the loss location.

14. In the event of such loss or damage, the Policy requires Defendant Auto-Owners to either:
   a. Pay the value of the lost or damaged property;
   b. Pay the cost of repairing or replacing the lost or damaged property;
   c. Take all or any part of the property at an agreed or appraised value; or
   d. Repair, rebuild or replace the property with other property of like kind and quality.

15. At all relevant times, Plaintiff complied with and satisfied its duties under the Policy.

16. Under the Policy's loss conditions, Auto-Owners was required to "pay for covered loss or damage within 30 days after we receive the sworn proof of loss, ... and [w]e have reached agreement with you on the amount of loss."

17. Under the Policy's loss conditions, Plaintiff was required to "set the damaged property aside and in the best possible order for examination."

18. Defendant Auto-Owners made numerous, repetitive requests of Plaintiff for more information about the Claim.

19. After every request by Defendant Auto-Owners, Plaintiff submitted the requested information as soon as possible.

20. On numerous occasions while Plaintiff's Claim was pending, Plaintiff asked Defendant Auto-Owners for instruction on how to proceed with certain machinery that was damaged in the theft and needed to be fixed or replaced. Plaintiff set this machinery aside as required by the Policy. Defendant did not respond to these requests.

21. Plaintiff submitted a sworn proof of loss on or about July 18, 2019.

22. Under the Policy's loss conditions, Auto-Owners was required to "give notice of our intentions within 30 days after we received the sworn proof of loss." Auto-Owners' failure to do so within 30 days results in a contractual waiver to dispute the amount requested.

23. On or about September 30, 2019, Defendant Auto-Owners denied the Claim on the erroneous basis that the covered property where the loss occurred "was vacant."

24. Defendant Auto-Owners' wrongful denial based on the Policy's vacancy provision was unsupported by the reported facts of loss.

25. Defendant Auto-Owners' wrongful denial based on the Policy's vacancy provision was a breach of the Policy.

26. Defendant Auto-Owners' wrongful denial based on the Policy's vacancy provision forced Plaintiff to retain coverage counsel to assert Plaintiff's rights under the Policy.

27. With the assistance of counsel, Plaintiff responded to Auto-Owners' wrongful denial on February 5, 2020.

28. Defendant Auto-Owners replied on February 27 and agreed that the Policy's vacancy provision does not apply to the Claim.

29. Defendant Auto-Owners' February 27 letter also requested information and documents that Plaintiff previously provided to Auto-Owners.

30. Defendant Auto-Owners also requested that Plaintiff's principals undergo examinations under oath.

31. Plaintiff complied with all of Auto-Owners' requests in a timely and forthright manner.

32. Plaintiff has fully satisfied and performed all terms and conditions required of it under the Policy. Plaintiff timely paid premiums and was, or is in, good standing as it pertains to the Policy.

33. On May 29, Defendant Auto-Owners again requested documentation and proof in support of Plaintiff's various theft losses.

34. In or around June 2020, Defendant Auto-Owners made a partial payment to Plaintiff in the amount of $141,138.

35. Defendant's unexcused delay caused Plaintiff to suffer additional monetary damages.

36. Plaintiff also sustained additional damages as a result of Defendant's refusal to provide Plaintiff the requested information pertaining to fixing or replacing certain machinery.

37. Plaintiff was forced to retain the legal services of an attorney as a result of Defendant's violations of Arizona statutes and regulations governing claim handling practices, and its refusal to pay benefits owed. Defendant Auto-Owners continues to withhold Policy benefits.

## COUNT I
### (Breach of Contract)

38. Plaintiff incorporates all facts and allegations asserted above as though fully set forth herein.

39. Defendant Auto-Owners breached Plaintiff's Policy by refusing to timely adjust and settle the Claim.

40. Plaintiff was forced to purchase new machinery because Defendant Auto-Owners refused to respond to numerous requests from Plaintiff for instruction on how to go forward with fixing or replacing certain machinery. Plaintiff has set this machinery aside as required by the Policy.

41. Defendant Auto-Owners owed Plaintiff a contractual duty of good faith and fair dealing. Defendant breached this contractual duties, as described herein.

42. Defendants continue to breach their promises to act in good faith and deal fairly, by refusing to pay Policy benefits owed.

43. Defendant owes Plaintiff Policy benefits of no less than $165,395.

44. As a direct and proximate result of the Defendant's breaches, Plaintiff has incurred damages in a sum total to be proven at the time of trial, but which are liquidated and now owed.

45. This matter arises out of contract (the Policy), and as much the Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to A.R.S. §12-341 and §12-341.01, and pre-and post-judgment interest. Plaintiff is also entitled to attorneys' fees, costs and out of pocket expenses as a component of its economic damages.

**COUNT II**
**(Insurance Bad Faith – Tortious Breach of Covenants of Good Faith and Fair Dealing)**

46. Plaintiff incorporates all facts and allegations asserted above as though fully set forth herein.

47. Defendant Auto-Owners covenanted to treat Plaintiff in good faith and to deal fairly with Plaintiff.

48. These duties of good faith and fair dealing required Defendant to conduct a prompt, thorough and fair investigation, and to pay benefits without unreasonable delay.

49. Defendant also owed Plaintiff duties of equal consideration, which required that Plaintiff's interests be treated no lesser than Defendant's own interests.

5

50. Defendants violated applicable industry standards governing reasonable handling of insurance claims and has breached and continues to breach duties of good faith and fair dealing.

51. Defendant wrongfully, and in violation of its covenants of good faith and fair dealing, has withheld, delayed, denied, and continues to deny and withhold insurance benefits owed under the Policy in place at applicable times.

52. Defendants failed to conduct a fair or reasonable investigation into Plaintiff's claim and instead engaged an outcome-based investigation designed to lead to a claim denial. In doing so, Defendant placed its own interest ahead of Plaintiff's and has violated industry standards governing reasonable claim handling practices.

53. Defendant unreasonably interpreted the Policy's provisions to its advantage disregarding the interests of Plaintiff.

54. Defendant unreasonably interpreted Arizona statutes, laws, and regulations applicable to the Policy's provisions.

55. Defendant's refusal to pay insurance benefits currently owed has directly and proximately caused special and compensatory damages, in an amount to be proven at trial.

56. ?

57. As a further proximate result of Defendant's conduct, Plaintiff has incurred other losses and lost opportunities, all in amounts to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests a trial by Jury, and seeks damages against Defendant, as follows:

a. Contractual damages for benefits owed under the Policy;

b. Special and compensatory damages for Plaintiff's lost opportunities and additional costs incurred as a result of Defendant's dilatory behavior;

e. Pre-and post-judgment interest based on liquidated amounts owed to Plaintiff, including disability benefits owed and a refund of premiums that Defendants have wrongfully collected from Plaintiff;

1     g.     Reasonable attorneys' fees pursuant to A.R.S. Section 12-341.01;

2     h.     All litigation costs incurred; and

3     i.     For whatever other relief the Court deems proper.

DATED this 28th day of July 2020.

FR LAW GROUP PLLC

By: [signature]

Troy B. Froderman, Esq.
Scott C. Ryan, Esq.
John F. Barwell
4745 N 7th Street, Suite 310
Phoenix, AZ 85014
*Attorneys for Plaintiff*

**FILED** this 28th day of July 2020, with the Clerk of the Maricopa County Superior Court

By: */s/ Sarah Frith*

Case 2:21-cv-00027-LA     Filed 08/17/20     Page 14 of 18     Document 1-4

7

Troy B. Froderman (012717)
Scott C. Ryan (026791)
John F. Barwell (028345)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
barwell@frlawgroup.com
*Attorneys for Plaintiff*



COPY
JUL 28 2020
CLERK OF THE SUPERIOR COURT
C. ATKINS
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GLOBAL THERMOFORMING, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. CV2020-008759<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

Pursuant to Rule 72(e)(2), Arizona Rules of Civil Procedure and Local Rule 3.10, Plaintiffs certify that this case **is not** subject to compulsory arbitration.

DATED this 28th day of July 2020.

FR LAW GROUP PLLC

By: /s/ TM

Troy B. Froderman, Esq.
Scott C. Ryan, Esq.
John Barwell, Esq.
4745 N. 7th Street, Suite 310
Phoenix, AZ 85014
*Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **FILED** this 28th day of July 2020, with the Clerk of the Maricopa County |
| 2 | Superior Court |
| 3 | |
| 4 | By: */s/Sarah Frith* |



JUL 28 2020

CLERK OF THE SUPERIOR COURT
C. ATKINS
DEPUTY CLERK

Troy B. Froderman (012717)
Scott C. Ryan (026791)
John F. Barwell (028345)
FR LAW GROUP PLLC
4745 North 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
barwell@frlawgroup.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| GLOBAL THERMOFORMING, INC., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. CV2020-008759<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Breach of Contract; Insurance Bad Faith)** |

Pursuant to Arizona Rule of Procedure 38, Plaintiff Global Thermoforming, Inc. hereby requests a trial by jury.

DATED this 28th day of July 2020.

FR LAW GROUP PLLC

By: /s/

Troy B. Froderman, Esq.
Scott C. Ryan, Esq.
John Barwell, Esq.
4745 N. 7th Street, Suite 310
Phoenix, AZ 85014
*Attorneys for Plaintiff*

**FILED** this 28th day of July 2020, with the Clerk of the Maricopa County Superior Court

By: __/s/ Sarah Frith__